Where the sole relief sought by the petition is an injunction against the sale of certain stock in a named corporation, levied upon to satisfy an execution against the owner, and the owner is permitted, by order of the trial court, to pay the execution and thus redeem the stock, and there is no exception to this order, the plaintiff's action is terminated, and could not thereafter be amended to set up a new or different cause of action. Code, § 81-1303.
Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.
 No. 15938. OCTOBER 16, 1947.
J. W. Hill filed a petition naming H. M. Ivey, Guy L. Miller Jr., Atlanta College of Mortuary Science Inc., a corporation, and J. M. George, Marshal of the Civil Court of Fulton County, as defendants. The allegations of the petition were: The petitioner is a stockholder of Atlanta College of Mortuary Science Inc., and brings the petition in behalf of himself and all other stockholders similarly situated. He is the owner of two shares of the original common stock of the corporation. Upon the organization of the corporation, a certificate for ten shares of such common stock, being one-half of the total authorized issue of stock, was issued to the *Page 736 
defendant Miller. On February 2, 1942, a judgment was obtained against Miller by Franklin Printing Corporation in the Civil Court of Fulton County in the amount of $1467.95, upon which execution was issued, and the stock referred to was levied upon by entering notice of the execution on the transfer books of the corporation; but the stock was not sold, an agreement having been entered into between Franklin Printing Corporation and Miller to permit the execution to be paid off at the rate of $50 per month, and Miller had made payments aggregating $150 before entering the armed services. During November, 1946, Ivey, the treasurer and a director of the corporation, by virtue of his position, ascertained that the execution was still outstanding, and purchased the fi. fa. from Franklin Printing Corporation for $500, and notified George, marshal, to advertise the shares of stock for public sale, which was done.
Art. 1, sec. 4, of the bylaws of the corporation provides: "All stock to be issued on condition that should the holder thereof ever desire to sell or dispose of his stock, that he shall first offer the same to the company before offering it to anyone else at the same price obtainable elsewhere." The defendant Ivey, although fully cognizant of such provision of the bylaws, is seeking to obtain the stock for himself, or to sell it at public sale at a substantial profit to himself. The opportunity to obtain the fi. fa. has never been offered the corporation. The corporation has sufficient assets and surplus on hand to make the purchase; and if the corporation had been given an opportunity to purchase the fi. fa. for $500, it would have been able to retire the stock to the benefit of all the other stockholders. The petitioner can not obtain redress within the corporation; because Ivey is a director and treasurer of the corporation, and he, with the president, who is in collusion with him, controls the board of directors of the corporation. Although the directors have full knowledge of the facts alleged, they have failed to take any steps to prevent the sale or to obtain the stock for the corporation. The petitioner has no full, adequate, and complete remedy at law. The prayers were for process; that the defendants be temporarily and permanently enjoined and restrained from transferring, selling, or assigning the fi. fa.; that the defendants be enjoined from selling the stock of Miller by public sale, as advertised, or otherwise, unless and until the stock or the fi. fa. has *Page 737 
been offered to the corporation, and its directors and stockholders, other than the defendants, be given an opportunity to purchase the fi. fa. or the stock; and for other relief.
On January 6, 1947, the judge of the superior court issued a temporary restraining order against the defendants. The defendants, Atlanta College of Mortuary Science Inc. and H. M. Ivey, filed general demurrers to the petition on the same date. Subsequently Guy L. Miller Jr. filed a petition, in which he stated that he desired to pay off and satisfy the execution against his stock, and that he had attempted to pay the amount due thereon to J. M. George, marshal, but that George had refused to accept payment because the fi. fa. was in the possession of Ivey, and Ivey was unwilling to surrender the fi. fa. for satisfaction and cancellation. He prayed that the court amend the order previously issued so as to permit payment of the fi. fa. On March 7, 1947, the court modified the former order, to authorize Miller to pay the judgment, and the defendant Ivey to accept the payment, whereupon the fi. fa. would be satisfied of record.
Subsequently Hill offered an amendment to his original petition, in which it was alleged that: Since the filing of the petition Miller has paid off the fi. fa. described in the original petition. Ivey has obtained a profit on the purchase of the fi. fa. for the difference between $500, which he paid for the fi. fa., and $2084.50, the face amount of the fi. fa. plus interest and costs, as paid by Miller. Since Ivey obtained such profit by virtue of his position as a director and officer of the corporation, and while under a duty to act in behalf of the corporation, the profit should properly belong to the corporation. The petitioner has no further claim against Miller or against George, marshal. The prayers were: that the petitioner, be dismissed as against Miller and George; that the petitioner, in his representative capacity, on behalf of the corporation and the stockholders thereof, recover judgment of the defendant Ivey in the amount of $1584.82; and for other relief. The court passed an order on April 2, 1947, ordering the amendment filed, and dismissing the original petition as against Miller and George.
The defendant Ivey filed his general and special demurrers and a motion to disallow the amendment. He demurred specially to the paragraph of the amendment setting out the profit obtained by him, on the ground that such allegations set out no facts which *Page 738 
would authorize the petitioner to make any claim against him. He demurred specially to the paragraph of the amendment which stated that the profit made by him should properly belong to the corporation, on the ground that the petitioner does not show any authority to make any claim on behalf of the corporation as to such transaction. He demurred to the amendment because it seeks to set up an entirely new cause of action. He renewed his demurrers to the original petition.
The exception is to an order sustaining the demurrers.